Martin, J.
The defendant is appellant from a judgment against him on three notes for $1000 each, payable on the 18th of February, May, and August, 1843, with interest and costs of protest. His defence is, that on the 29th of October, 1842, he rented from the plaintiffs the Orleans Ball Room, from that date until the 15th of October, 1843, for the sum of seven thousand dollars, and gave, in part payment of that sum, the three notes sued on; that on the 18th of March, 1S43, the plaintiffs put an end to the lease by causing it to be seized, and afterwards sold, on a judgment which they had obtained for the rent theretofore due, and purchasing it at the sheriff’s sale; that this sale was not legally made, not being preceded by an appraisement, and being for cash,'instead of following the terms of the contract ;■ that plaintiffs cannot avail themselves of it, as it was illegally made; and that, therefore, their possession of the premises under it was a tortious act, amounting to a breach of one of the principal conditions of the lease, to wit, that the lessors should permit the lessee to enjoy the premises until the expiration of the lease, or its dissolution in due form of law.
The contract was for the enjoyment of the premises between two fixed dates for a gross sum, of which a small part was paid in cash, and six notes were given, payable at different periods, during the continuance of the contract; and a clause was inserted, by which the plaintiffs stipulated that they should be aufhori- *473 sed to put an end to the possession of the defendant, on a violation of certain conditions therein expressed, without the defendant’s being relieved thereby from the payment of his notes.
St. Paul, for the plaintiffs.
Bodin, for the appellant.
■ The plaintiffs’ counsel has contended, that this was a contract of sale, by which the defendant bought the use of the premises during a fixed period, and for a gross sum. But we think differently.. The character of the contract is expressly given ns by the words selected by the parties thereto : “ La compagnie loue a bail,” (the company lets and hires*) The defendant is referred to, throughout the contract, by the denomination of “ le preneuf,” (the lesseé.) The price is stated to be that of the “ location,” (lease,) and the contract is said to be one of “ bail f and the stipulation that the defendant should remain bound to pay his notes, although the plaintiffs turned him out of possession on the breach of certain conditions, repels the idea that the giving of the notes was an absolute payment, as this stipulation would then, have been entirely useless.
Lastly, the plaintiffs5 counsel has strenuously urged, that the irregularity of their purchase, if any there be, cannot avail the defendant on his plea, but ought to have been set up in a direct action. We believe, however, that when a remedy may be sought by action, the party entitled thereto may avail himself of it by way of exception. Civ. Code, art. 2042. Code of Pract. art. 20.
The First Judge, in our Opinion, erred in overruling the defendant’s plea or exception. The tortious possession of the premises by the plaintiffs, having put an end to that of the defendant, the period of whose enjoyment is now expired, the consideration of the notes on which suit is brought, has failed by their act, and they cannot recover thereon. As to the rent anterior to the seizure, they have had judgment for it, and have enjoyed the premises from their purchase to the end of the lease.
It is, therefore, ordered, adjudged and decreed, that the judgment be annulled and reversed, and that ours be for the defendant, with costs in both courts.